### DAVIES v. BOWES.

(Circuit Court of Appeals, Second Circuit. December 15, 1914.)

#### No. 89.

1. COPYRIGHTS ⊜=83—SUIT FOR INFRINGEMENT—EVIDENCE OF COPYRIGHT.
     In a suit for infringement, the certificate of the Register of Copyrights that two copies of plaintiff's work published in a New York newspaper of June 23d were received as copyright deposits on June 24th was not sufficient evidence that they were delivered at the office of the Librarian of Congress or deposited in the mail addressed to him on June 23d, as required by Act March 3, 1891, c. 565, § 3, 26 Stat. 1106, notwithstanding Copyright Act 1909 (Act March 4, 1909, c. 320) § 55, 35 Stat. 1086 (Comp.

⊜=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

St. 1913, § 9576), providing that such certificate shall be prima facie ev
idence of the facts stated therein.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. §§ 74–76; Dec.
Dig. ☞83.]

2. COPYRIGHTS ☞83—SUIT FOR INFRINGEMENT—EVIDENCE OF COPYRIGHT.

Under Copyright Act 1909, § 55, providing that the certificate of the
Register of Copyrights therein required to be given to each copyright
claimant shall be admitted in any court as prima facie evidence of the
facts stated therein, a certificate stating that two copies of a publica-
tion were received "as copyright deposits" on a certain date was not prima
facie evidence that they were delivered or mailed in time, but only that
they were turned over to his office in attempted compliance with the copy-
right statute, as the Librarian of Congress, when a copy is delivered to
him or comes to him by mail, is required to make no investigation as to
the date of the publication.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. §§ 74–76; Dec.
Dig. ☞83.]

Appeal from the District Court of the United States for the South-
ern District of New York.

This cause comes here upon appeal from a decree dismissing a bill for
infringement of United States copyright. The complainant, a writer in the
employ of the Sun Printing & Publishing Company, published in the Evening
Sun of June 23, 1908, a story which purported to be a "real life drama," a
narrative of events occurring in the presence of the narrator in an unnamed
little town in the interior of Massachusetts. The Sun Printing & Publishing
Company undertakes to copyright the entire copy of each edition of the
Evening Sun. Whatever copyright it obtained in this story it assigned to the
plaintiff. The story was really not a narrative of facts, as it purported to be,
but was in large part pure fiction, the imaginative work of the writer. It
presented some dramatic incidents.

Defendant has produced a play called "Kindling," containing certain dra-
matic incidents, which complainant contends constitute an infringement of
the copyrighted story.

The District Judge dismissed the bill for reasons which will be found in
his opinion, reported 209 Fed. 53.

Edward Lauterbach, of New York City, for appellant.
G. B. Rosenheim, of New York City, for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge. The statute in force at the time, sec-
tion 3 of the act of March 3, 1891, made it an essential to the secur-
ing of a valid copyright that on or before the day of publication a
printed copy of the title or book, etc., shall be delivered at the office of
the Librarian or deposited in the mail addressed to him. The record
shows compliance with this provision of the act. The statute further
provides as an essential to securing a valid copyright that not later
than the day of publication two copies shall be either delivered at the
office of the Librarian or deposited in the mail addressed to him. The
day of publication was June 23, 1908.

To entitle the complainant to maintain this suit it must, therefore,
appear that the two copies were *delivered* on that day or *mailed* on
that day. The complaint alleges that the two copies were delivered
or caused to be delivered to the Librarian on June 24, 1908, which

is a day later than the day of publication. The complaint thus fails to allege compliance with the statute; but, if the proofs showed compliance, the complaint could be amended to conform thereto.

[1] The only evidence introduced on this point is the certificate of the Register of Copyrights that two copies of the Evening Sun of June 23, 1908 "were received as copyright deposits on June 24, 1908." It was physically possible for these copies to have been sent to Washington by messenger on an early train June 24th, and *delivered* to the Librarian on that day. It was also physically possible for them to have been deposited in the mail in New York on June 23d, and to have reached the Librarian on June 24th. In the latter case, the statute would have been complied with; in the former case, it would not. We cannot say which course was followed, in the absence of testimony; therefore complainant has not proved this essential fact, and has not shown the granting of a valid copyright, under the statute.

[2] He is not helped by the provisions of Act 1909, § 55, that the certificate shall be prima facie evidence of the facts stated therein, because the only *fact* stated is that the two copies were received on June 24th. The statement in the certificate that they were received "as copyright deposits" indicate nothing more than they were turned over to the office in attempted compliance with the copyright statute. The receipt of them by the Librarian does not involve any determination by him as to whether or not the deposit is made in time; he is not required to make any investigation when a copy is delivered to him or comes to him by mail as to what was the date of publication. The complaint was properly dismissed.

Although we place our affirmance on this ground, we may state, without reciting at length the various incidents of the newspaper story and of the play, that we are inclined to the opinion that the play would not infringe the copyright of the story, if such copyright had been proved.

Decree affirmed, with costs.

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes